ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| ASOCIACIÓN DE RESIDENTES DEL CONDOMINIO SAN FRANCISCO<br><br>Parte Peticionaria<br><br>v.<br><br>ONE ALLIANCE INSURANCE CORPORATION; ASEGURADORAS A, B, C; CO DEMANDADOS DESCONOCIDOS X, Y, Z<br><br>Parte Recurrida | KLAN202400287 | *Apelación, acogida como **Certiorari*** procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2023CV2639<br><br>Sala: 501<br><br>Sobre: Código de Seguros de P.R., 26 L.P.R.A. § 101 et seq; Incumplimiento de Contrato, Artículos 1117, 1230, 1237, Código Civil de P.R., 31 L.P.R.A § 9141, 9751, 9771; Daños y Perjuicios, Artículo 1536, Código Civil de P.R., 31 L.P.R.A § 10801 |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 4 de abril de 2024.

Compareció ante este Tribunal la parte peticionaria, Asociación de Residentes del Condominio San Francisco (en adelante, "Asociación" o "Peticionaria"), mediante un mal denominado recurso de apelación presentado el 25 de marzo de 2024. Nos solicitó la revocación de una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, "TPI"), el 29 de febrero de 2024, notificada y archivada en autos el 1 de marzo de 2024. A través del aludido dictamen, el TPI declaró No Ha Lugar una solicitud de sentencia sumaria parcial presentada por la Asociación, por esta última incumplir con los requisitos de la Regla 36 de Procedimiento Civil, *infra*.

Debido a que la Peticionaria recurre de un Orden emitida por el foro primario, acogemos el recurso de epígrafe como auto de *certiorari* y mantenemos el alfanumérico asignado por la Secretaria de este Tribunal.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, prescindimos de la comparecencia de la parte recurrida al amparo de la Regla 7(B)(5) del Reglamento de este Tribunal[1], expedimos el auto de *certiorari* ante nuestra consideración y confirmamos la *Orden* recurrida.

**I.**

El caso de autos inició el 11 de mayo de 2023, cuando la Asociación presentó una "**Demanda**" en contra de la parte recurrida, One Alliance Insurance Corporation ("One Alliance" o "Recurrida"), y otros codemandados desconocidos, por incumplimiento de contrato y los presuntos daños y perjuicios sufridos luego del paso del Huracán María por Puerto Rico. Luego de varios trámites procesales, One Alliance presentó una "**Solicitud de Desestimación por Falta de Jurisdicción**". La misma se fundamentó en las disposiciones del Artículo 27.164 del Código de Seguros de Puerto Rico, 26 LPRA sec. 2716d. Posteriormente, la Asociación presentó "**Moción en Cumplimiento de Orden y en Oposición a Moción de Desestimación**".

Tras la presentación de una réplica y la correspondiente dúplica, se señaló una *Vista Argumentativa* para el 2 de febrero de 2024. Así el trámite, el 1 de febrero de 2024, la Peticionaria presentó una "**Moción en Solicitud de Rebeldía y Sentencia Sumaria Parcial en solicitud de pago de oferta de ajuste inicial de deuda líquida y exigible**" (en adelante, "Moción de Sentencia Sumaria Parcial"). Mediante la misma, la Asociación solicitó que, una vez celebrada la *Vista Argumentativa*, se denegara la solicitud de desestimación presentada por la Recurrida y se le ordenara a presentar la contestación a la demanda en un término de cinco (5) días, so pena de anotarle la rebeldía. Asimismo, peticionó que el TPI dictara sentencia sumaria parcial ordenándole el pago del estimado y ajuste inicial

---

[1] 4 LPRA Ap. XXII-B, R. 7(B)(5).

presuntamente cursado por One Alliance, como parte de la reclamación que la Asociación inició ante dicha aseguradora. El 13 de febrero de 2024, la Recurrida presentó "**Oposición a 'Moción en Solicitud de Rebeldía y Sentencia Sumaria Parcial en solicitud de pago de oferta de ajuste inicial de deuda líquida y exigible'**" (en adelante, "Oposición a Moción de Sentencia Sumaria Parcial"). Sostuvo, entre otras cosas, que la *Moción de Sentencia Sumaria Parcial* no cumplía con las disposiciones de la Regla 36 de Procedimiento Civil, *infra*, y que, por tanto, debía ser denegada la misma.

El 29 de febrero de 2024, notificada y archivada en autos el 1 de marzo de 2024, el TPI emitió una *Orden* mediante la cual declaró "No Ha Lugar" la *Moción de Sentencia Sumaria Parcial*, por entender que la misma no cumplía con las disposiciones de la Regla 36 de Procedimiento Civil, *infra*, ya que no ponía en condiciones a One Alliance para oponerse apropiadamente de dicha solicitud ni ponía en condiciones al foro *a quo* para adjudicar los méritos de la misma.

Inconforme con el aludido dictamen, la Asociación presentó el recurso que nos ocupa y le imputó al foro primario la comisión del siguiente error:

> **PRIMER ERROR ALEGADO: Erró el Honorable TPI, al no conceder el remedio solicitado y ordenarle al demandado apelado a que entregue el pago de lo debido, mientras se resuelve la diferencia de los estimados entre las partes**.

**II.**

El propósito de las Reglas de Procedimiento Civil es proveerles a las partes que acuden a un tribunal una "solución justa, rápida y económica de todo procedimiento". 32 LPRA Ap. V, R.1. Así, la Regla 36 del mencionado cuerpo procesal atiende lo referente al mecanismo de sentencia sumaria. A la luz de sus disposiciones, si de "las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente, y que como cuestión de derecho el tribunal debe dictar la

sentencia sumaria a favor de la parte promovente". Regla 36.3 de Procedimiento Civil, 32 LPRA, Ap. V, R. 36.3.

En ese sentido, se considera un hecho material o esencial, "aquel que pueda afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable". SLG Szendrey-Ramos v. Consejo de Titulares, 184 DPR 133, 167 (2011); Universal Insurance Company y otros v. ELA y otros, 2023 TSPR 24, 211 DPR ___ (2023). Cabe señalar que el juzgador no está limitado a los hechos o documentos que se produzcan en la solicitud, sino que puede tomar en consideración todos los documentos que obren en el expediente del tribunal.

Solamente se dictará sentencia sumaria en casos en los cuales el tribunal tenga ante su consideración todos los hechos necesarios y pertinentes para resolver la controversia y surja claramente que la parte promovida por el recurso no prevalecerá. Mejías *et al.* v. Carrasquillo *et al.*, 185 DPR 288*,* 299 (2012); PFZ Props., Inc. v. Gen. Acc. Ins. Co., 136 DPR 881, 911-912 (1994). Así pues, la Regla 36 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 36, establece de manera específica los requisitos de forma que debe cumplir la parte que promueve la moción de sentencia sumaria, así como la parte que se opone a ella.

Específicamente, la Regla 36.3 de dicho cuerpo reglamentario establece lo siguiente:

> (a) La moción de sentencia sumaria será notificada a la parte contraria y deberá contener lo siguiente:
>
> (1) Una exposición breve de las alegaciones de las partes;
>
> (2) los asuntos litigiosos o en controversia;
>
> (3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria;
>
> (4) una relación concisa y organizada en párrafos enumerados, de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;
>
> (5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y

(6) el remedio que debe ser concedido. 32 LPRA Ap. V, R. 36.3.

Al mismo tiempo, la referida disposición reglamentaria dispone que la parte que se opone a la moción de sentencia sumaria está obligada a citar específicamente los párrafos, **según enumerados por el promovente que entiende están en controversia y, para cada uno de los que pretende controvertir, detallar la evidencia admisible que sostiene su impugnación con cita a la página o sección pertinente**. Íd. Esto es de vital importancia, pues si la parte promovente de la solicitud de sentencia sumaria cumple con todas las disposiciones de la Regla 36 de Procedimiento Civil, y la parte opositora incumple con lo que la aludida Regla le impone, el Tribunal podrá dictar sentencia sumaria en su contra si la misma procede en derecho. Íd.

A tono con lo anterior, la Regla 36.3 (d) dispone que:

Toda relación de hechos expuesta en la moción de sentencia sumaria o en su contestación podrá considerarse admitida **si se indican los párrafos o las páginas de las declaraciones juradas o de otra prueba admisible en evidencia donde ésta se establece, a menos que esté debidamente controvertida conforme lo dispone esta regla. El tribunal <u>no tendrá la obligación de considerar aquellos hechos que no han sido específicamente enumerados y que no tienen una referencia a los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen</u>. Tampoco tendrá la obligación de considerar cualquier parte de una declaración jurada o de otra prueba admisible en evidencia a la cual no se haya hecho referencia en una relación de hechos**. Íd. (énfasis suplido).

Al respecto, luego de aprobadas las Reglas de Procedimiento Civil vigentes, el Tribunal Supremo de Puerto Rico expresó lo siguiente:

Según se desprende de lo anterior, **el método recién implantado coloca sobre las partes**, quienes conocen de primera mano sus respectivas posiciones, así como la evidencia disponible en el caso, **el <u>deber</u> de identificar cada uno de los hechos que estiman relevantes, al igual que la prueba admisible que los sostiene. Se facilita, por lo tanto, el proceso adjudicativo al poner al tribunal en posición de evaluar conjuntamente las versiones encontradas para cada uno de los hechos refutados a la luz de las referencias a la prueba que alegadamente los apoya. Este sistema claramente agiliza la labor de los jueces de instancia y propende la disposición expedita de aquellas disputas que no necesitan de un juicio para su adjudicación.**

Es por ello que mediante estas nuevas disposiciones nuestro ordenamiento procesal expresamente **le exige a la**

**parte oponente** examinar cada hecho consignado en la solicitud de sentencia sumaria y, para todos aquellos que considera que existe controversia, identificar el número del párrafo correspondiente y plasmar su versión contrapuesta fundamentada en evidencia admisible. **La numeración no es un mero formalismo, ni constituye un simple requisito mecánico sin sentido**. Por el contrario, tiene un propósito laudable, por lo que **su relevancia es indiscutible y queda claramente evidenciada** luego de una interpretación integral de las enmiendas acogidas en el 2009. De lo contrario, las enmiendas a la Regla 36 de Procedimiento Civil de 2009, *supra*, no tendrían valor práctico alguno. SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 433-434 (2013).

**III.**

La Asociación sostiene que el TPI erró al denegar la *Moción de Sentencia Sumaria Parcial* y dejar de ordenarle a One Alliance a pagar el estimado y ajuste inicial. Veamos.

A poco que examinemos la *Moción de Sentencia Sumaria Parcial*, notamos que la Peticionaria incumplió con uno de los requisitos de forma más importantes al momento de utilizar el vehículo procesal de la sentencia sumaria. La referida solicitud carece de una relación concisa y organizada en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial. Tampoco se hace referencia con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible que se encuentre en el expediente del tribunal.

Sobre este particular, debemos enfatizar en la doctrina sentada por el Tribunal Supremo, a los efectos de que la parte que solicita la disposición sumaria de una reclamación o de un pleito en su totalidad **está en la obligación de demostrar con claridad que no existe controversia sustancial sobre hechos pertinentes, materiales y esenciales a la controversia planteada y que, como cuestión de derecho, procede su reclamo**. JADM v. Centro Comercial Plaza Carolina, 132 DPR 785, 802-803 (1983). La importancia que reviste la indicación de los hechos esenciales y pertinentes estriba en que los mismos **tienen un efecto directo en cuanto a los componentes de la causa de acción**. Meléndez González v. M. Cuebas, 193 DPR 100, 110 (2015).

La ausencia de alguno de los requisitos de forma que impone la Regla 36 de Procedimiento Civil, *supra*, tiene el consecutivo efecto de que no se pueda considerar su solicitud. Íd. Tal y como hemos adelantado, el incumplimiento con estos requisitos tiene repercusiones distintas para cada parte. Cuando quien incumple es la parte que promueve la moción, el tribunal no estará obligado a considerar su pedido. Por el contrario, si la parte opositora no cumple con los requisitos, el tribunal puede dictar sentencia sumariamente a favor de la parte promovente, si procede en derecho. De hecho, si la parte opositora "se aparta de las directrices consignadas [en la regla,] el tribunal podrá no tomar en consideración su intento de impugnación [de los hechos ofrecidos por el promovente]". SLG Zapata-Rivera v. J.F. Montalvo, *supra*, pág. 433.

Ello es así, puesto que la adopción de las Reglas de Procedimiento Civil en el año 2009 persiguió simplificar el proceso adjudicativo al poner al foro de instancia en posición de evaluar conjuntamente las versiones encontradas para cada uno de los hechos refutados, a la luz de las referencias a la prueba que alegadamente los apoya. Conforme lo determinó el alto foro judicial, "**[l]a numeración no es un mero formalismo, ni constituye un simple requisito mecánico sin sentido**. Por el contrario, tiene un propósito laudable, por lo que **su relevancia es indiscutible y queda claramente evidenciada** luego de una interpretación integral de las enmiendas acogidas en el 2009". Íd., págs. 433-434 (énfasis suplido).

En vista de todo lo anterior, tenemos que coincidir con la apreciación del foro *a quo* al concluir que la *Moción de Sentencia Sumaria Parcial* incumplió con las disposiciones de la Regla 36.3 de Procedimiento Civil, *supra*, al dejar de detallar en forma concisa y organizada y en párrafos enumerados, todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal. Dicha

circunstancia, de por sí, no solo le confirió la potestad al TPI de no considerar la aludida moción, sino que no puso en condiciones a One Alliance de controvertir con prueba documental los hechos materiales y pertinentes que a juicio de la Asociación justifican su postura.

Aclaramos, pues, que nuestra conclusión no implica que la Asociación pueda presentar eventualmente una solicitud de disposición sumaria parcial en cumplimiento cabal con la Regla 36.3 de Procedimiento Civil, *supra*, mediante la cual pueda poner en posición al foro de instancia de evaluar en los méritos su petitorio.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral de la presente *Sentencia*, *expedimos* el auto de *certiorari* y confirmamos la *Orden* recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones